## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

PATRICK A. JONES                                                CIVIL ACTION

VERSUS                                                          NO. 10-1873

DEP. CHIP WALE, ET AL.                                         SECTION "B" (3)


### ORDER AND REASONS

Plaintiff, Patrick A. Jones, filed this *pro se* and *in forma pauperis* federal civil rights action against Deputies Charles "Chip" Wale, Scott Boyington, and Steve Amador.  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[1]  For the following reasons, plaintiff's complaint is dismissed for want of prosecution.

This Court's Local Rules provide:  "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change."  Local Rule 11.1.  Plaintiff was clearly aware of that obligation, having declared in his complaint:  "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[2]  Further, the Court even expressly warned plaintiff as follows:  "If plaintiff is transferred to another facility or released from incarceration, he is ordered to file a written change of address with this Court

---

[1] Rec. Doc. 19.

[2] Rec. Doc. 5, p. 6.

within ten days.  If plaintiff fails to do so, his claims may be dismissed with prejudice without further notice."[3]

Plaintiff was released from incarceration on January 3, 2011.  Despite being aware of his obligation to do so, he thereafter failed to keep the Court apprised of his current address.  When the Court attempted to contact plaintiff at his last known addresses to schedule a final pretrial conference,[4] the notices were returned as undeliverable[5] and no conference could be held.

In light of the foregoing, where there is no indication whatsoever that plaintiff will appear at the scheduled trial to pursue his claims, the Court finds that it would pose an undue burden on the defendants and their witnesses to require them to appear for trial under these circumstances. Moreover, based on plaintiff's failure to apprise the Court of his current address and make himself available for a final pretrial conference, it is appropriate to dismiss plaintiff's complaint for want of prosecution.  The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear.  Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits.  Fed.R.Civ.P. 41(b).  The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary

---

[3] Rec. Doc. 17, p. 2.

[4] Rec. Doc. 28.

[5] Rec. Docs. 29 and 30.

to achieve the orderly and expeditious disposition of cases.  <u>Ramsay v. Bailey</u>, 531 F.2d 706, 707

(5th Cir. 1976).

      Accordingly,

      Plaintiff's complaint is hereby **DISMISSED WITH PREJUDICE** for failure to prosecute.

      New Orleans, Louisiana, this eleventh day of February, 2011.


**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**